IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONOVAN GARDNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-1661 |
| | § | |
| CHEWY, INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Donovan Gardner ("Plaintiff") files this Complaint against Chewy, Inc. ("Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. Plaintiff brings individual claims against Defendant pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA").

2. Plaintiff was an hourly paid customer service phone agent and e-mail agent employee of Defendant working in Dallas County, Texas. Plaintiff's dates of employment with Defendant are approximately February 24, 2020 to May 13, 2021.

3. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant's, but was not paid time and one-half his regular rate of pay for all hours worked in each and every such seven day workweek due to Defendant not paying Plaintiff for compensable off-the-clock work.

4. Plaintiff seeks all damages available under the FLSA including back overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES, JURISDICTION, AND VENUE

**A.   Plaintiff Donovan Gardner**

5.   Plaintiff is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

6.   Plaintiff was an employee of Defendant's.

7.   Relative to his claims in this lawsuit, Plaintiff was employed by Defendant in Dallas County, Texas.

8.   By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**B.   Defendant Chewy, Inc.**

9.   Defendant is a foreign for-profit corporation.

10.   During all times relevant, Defendant has done business in the State of Texas.

11.   Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

12.   At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

13.   At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

14.   At all times relevant to this lawsuit, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer-related devices, phones, and the pet-related goods and/or materials Defendant sold to its customers.

15. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

16. Defendant's principal place of business is located at 1855 Griffin Road, Suite B-428, Dania, Florida, 33044.

17. During Plaintiff's employment with Defendant, Defendant maintained and operated an office located at 1950 North Stemmons Freeway, Dallas, Texas 75207.

18. Defendant may be served with summons through its registered agent, Corporate Creations Network, Inc., 5444 Westheimer, # 1000, Houston, Texas 77056.

**C.     Jurisdiction and Venue**

19. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

20. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

21. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

22. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

23. Venue is proper in this Court because Plaintiff worked for Defendant in Dallas County, Texas and the occurrences complained of in this lawsuit primarily occurred in Dallas County, Texas.

### III.     FACTUAL BACKGROUND

24. Defendant's business operations include sales of pet related goods and materials to its customers throughout the United States.

25. Plaintiff was an hourly paid employee of Defendant who worked for Defendant in Dallas County, Texas.

26. Plaintiff's hourly rates of pay ranged from $13.50 to $15.50 over the course of his employment with Defendant.

27. Plaintiff's dates of employment with Defendant are approximately February 24, 2020 to May 13, 2021.

28. Plaintiff was employed by Defendant as a CS phone agent from approximately February 24, 2020 until approximately October 2020 and as an e-mail agent from approximately October 2020 to approximately May 13, 2021.

29. From approximately February 24, 2020 to approximately April 7, 2020, Plaintiff worked at Defendant's office located at 1950 North Stemmons Freeway, Dallas, Texas 75207.

30. From approximately April 7, 2020 to approximately May 13, 2021, Plaintiff worked for Defendant from Plaintiff's residence in Mesquite, Texas. Plaintiff's unpaid overtime wage claims made the basis of this lawsuit are limited, at this time, to time worked from Plaintiff's residence.

31. Plaintiff's manager was John Grimes and his lead (immediate supervisor) was Jordan Christein who were each employees of Defendant.

32. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant's but was not paid time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day workweek due to Defendant not paying Plaintiff for compensable off-the-clock work.

33. Such off-the-clock work included time worked by Plaintiff relative to starting his computer and computer programs and addressing e-mails prior to becoming "call ready" in

addition to work after being call ready performing PET Form Evaluations, wishbone assignments, addressing VPN issues, Webex issues, restarting and/or rebooting Defendant's computer programs when it/they failed to function properly, and time working with IT to address computer and/or software issues. Such off-the-clock work was integral and indispensable to Plaintiff's primary job duties and/or occurred during the FLSA continuous workday.

34. Plaintiff discussed off-the-clock work he was experiencing with his lead Jordan Christein in addition to other management level employees of Defendant's.

35. Defendant knew or had reason to believe that Plaintiff was performing uncompensated work relative to the foregoing off-the-clock work. For example, Defendant, through its managers, was aware that Plaintiff performed wishbone work off-the-clock. Similarly, Defendant knew Plaintiff was not compensated for time when computer programs he used to perform his work for Defendant crashed or otherwise did not properly operate during the workday and he either had to restart his programs or work with Defendant's IT department to address those program issues.

### IV. CONTROLLING LEGAL RULES

36. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

37. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38. "[T]he continuous workday rule … means that the workday is generally defined as the period between the commencement and completion on the same workday of an employee's

principal activity or activities." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 28 (2005) (quotation and citation omitted). *See also*, 29 C.F.R. § 790.6 (Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked.").

39.     "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

40.     An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (Solis, J.) (*citing Newton,* 47 F.3d at 748). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

41.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay

for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

42. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

43. Failing to pay the required overtime premium for hours worked over 40 in a seven-day workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.     FLSA CLAIMS

44. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

45. At all times relevant to this lawsuit, Defendant has been an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

46. At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

47. Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

48. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1).

49. Plaintiff was paid on an hourly basis by Defendant.

50. At all times relevant to this lawsuit, Defendant was required to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each seven-day workweek. 29 U.S.C. § 207(a)(1).

51. Defendant did not pay Plaintiff all FLSA overtime wages because it did not count the aforementioned off-the-clock work as compensable time. The failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day workweek

in the time period relevant to this lawsuit is a violation of the FLSA. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 216(b).

52. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. JURY DEMAND

53. Plaintiff demands a jury trial.

## VII. DAMAGES AND PRAYER

54. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant and/or order(s) from the Court for the following:

    a. All damages allowed by the FLSA, including back overtime wages,

    b. Liquidated damages in an amount equal to back FLSA overtime wages,

    c. Reasonable Legal fees,

    d. Costs,

    e. Post-judgment interest, and/or

    f. All other relief to which Plaintiff is entitled.

Date: July 19, 2021.

                              Respectfully submitted,

                          By:    s/ Allen R. Vaught
                                    Allen R. Vaught
                                    Attorney-In-Charge
                                    TX Bar No. 24004966
                                    Vaught Firm, LLC
                                    1910 Pacific Ave., Suite 9150
                                    Dallas, Texas 75201
                                    (972) 707-7816 – Telephone
                                    (972) 591-4564 – Facsimile

avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF